IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DARLA NICHOLE HENRY                                          PLAINTIFF

vs.                                 Civil No. 2:17-cv-02226

NANCY A. BERRYHILL                                       DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Darla Nichole Henry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed her disability application on March 13, 2014. (Tr. 14, 172-173). In her application, she alleges being disabled due to chronic tietze syndrome, costchondritis, depression, and chronic kidney stones. (Tr. 187). Plaintiff alleges an onset date of March 23, 2011. (Tr. 14). Her application was denied initially and again upon reconsideration. (Tr. 72-102).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

application, and this hearing request was granted. (Tr. 32-71). The ALJ held two administrative hearings on Plaintiff's case, one on August 19, 2015 and one on July 12, 2016. *Id.* The hearing on July 12, 2016 was held in Hot Springs, Arkansas. (Tr. 41-71). At this hearing, Plaintiff was present and was represented by Randy Rainwater. *Id.* Plaintiff and Vocational Expert ("VE") Myrtle Johnson testified at this hearing. *Id.*

On October 7, 2016, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 11-26). The ALJ found Plaintiff last met the insured status requirements of the Act on March 31, 2016. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of March 23, 2011 through her date last insured of March 31, 2016. (Tr. 16, Finding 2). The ALJ determined that through her date last insured, Plaintiff had the following severe impairments: recurrent kidney stones, a mass on her ribs with related rib/sternum pain, mild degenerative disc disease with back pain, mild obesity, depression, and anxiety with panic attacks. (Tr. 16, Finding 3). The ALJ also determined that, through her date last insured, Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 19-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

After careful consideration of the entire record, the undersigned finds that, through

2

>   the date last insured, the claimant had the residual functional capacity to perform a
>   range of unskilled, sedentary and light work as defined in 20 CFR 404.1567(b).

*Id.*

The ALJ determined Plaintiff was thirty-two (32) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008), on her date last insured. (Tr. 25, Finding 7). The ALJ determined Plaintiff had a high school education (plus a recent associate's degree in information technology) and was able to communicate in English. (Tr. 25, Finding 8).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined that through her date last insured, Plaintiff was unable to perform any of her PRW. (Tr. 24-25, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25-26, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform both sedentary work and light work. *Id.* Specifically, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) cashier II (light, unskilled) with 824,000 such jobs in the nation; (2) counter clerk (light, unskilled) with 18,000 such jobs in the nation; (3) call out operator (sedentary, unskilled) with 8,400 such jobs in the nation; and (4) final assembler/optical goods (sedentary, unskilled) with 235,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from her alleged onset date of March 23, 2011 through her date last insured of March 31, 2016. (Tr. 26, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. On October 6, 2017, the Appeals Council denied this request for review. (Tr. 5-7). On December 8, 2017, Plaintiff filed her

Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 18, 2017. ECF No. 7. Both Parties have appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. Specifically, Plaintiff claims the following: (A) the ALJ erred in his Step Five determination; (B) the ALJ erred in his assessment of the Listings; (C) the ALJ erred in evaluating her subjective complaints; and (D) the ALJ erred by failing to consider her impairments

5

in combination. ECF No. 12 at 14-19. The Court will address these four arguments.

### A. Step Five Determination

Plaintiff claims the ALJ erred in his Step Five determination and claims substantial evidence does not support the Commissioner's decision that Plaintiff has the RFC to return to other work in the national economy. ECF No. 12 at 14-16.

With this argument, Plaintiff first claims the ALJ's hypothetical to the VE did not include all of her limitations:

> . . . the mention of panic attacks, the depression and anxiety do not explain the extent that the vocational expert should consider such as the effects of crowds upon the claimant. It doesn't take into consideration her thought process with the forgetfulness or being tearful and apologetic for it. It does not consider her depressed mood with frequent uncontrolled crying and difficulty concentrating and panic attacks when she is around a lot of people. The crowd situation and the number of people around a person in the jobs discussed were not considered.

*Id.*

However, upon review, apart from these bare claims, Plaintiff has not demonstrated she suffers from any of these impairments. Thus, based upon the lack of evidence Plaintiff has submitted, the Court finds no basis for reversal on this issue. *See Vandenboom v. Barnhart,* 421 F.3d 745, 749 (8th Cir. 2005) (rejecting "out of hand" the claimant's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because the claimant "provides no analysis of the relevant law or facts regarding these listings").

Plaintiff's second claim under this argument is that she cannot perform the jobs the ALJ *actually identified*. For instance, Plaintiff argues that the "counter clerk job mentioned by the vocational expert . . . should not have been considered since there are only 18,000 jobs nationally

which is not a significant number." Plaintiff, however, provides evidence that this is not a significant number. Further, in addition to that job, the ALJ identified three other jobs Plaintiff could perform, one of which has 824,000 such jobs in the national economy. There does not appear to be any legitimate dispute that this is a significant number. Thus, again, the Court finds no basis for reversal on this issue.

### B. Evaluation of the Listings

Plaintiff claims her impairments meet the requirements of Listings 12.04 (depressive disorder) and 12.06 (anxiety disorder). ECF No. 12 at 16-17. In making her argument that her impairments meet these requirements, Plaintiff relies entirely upon the findings of psychologist Sheree L. Moskow, Psy.D. *Id.* Dr. Moskow evaluated Plaintiff as a part of a one-time consulting examination on July 7, 2014. (Tr. 444-452). As a one-time consulting psychologist, her opinions are not necessarily entitled to controlling weight. *See Charles v. Barnhart,* 375 F.3d 777, 783 (8th Cir. 2004) (recognizing that "[g]enerally, if a consulting physician examines a claimant only once, his or her opinion is not considered substantive evidence").

In his opinion, the ALJ considered Dr. Moskow's findings and adopted many of those findings. (Tr. 19-24). The ALJ, however, also noted the following regarding Dr. Moskow's report: "On this day [of her appointment with Dr. Moskow], the claimant reported no history of formal mental health treatment, and noted she had stopped all medications due to pregnancy." (Tr. 21). Dr. Moskow noted Plaintiff was "normal in appearance, cooperative, with normal speech, no suicidal ideation, no hallucinations, and she was fully alert and oriented." *Id.* Thus, Dr. Moskow's findings clearly do not necessarily establish Plaintiff is disabled.

In her briefing, Plaintiff merely summarizes the requirements of Listings 12.04 and 12.06 and

7

claims Dr. Moskow's findings demonstrate she meets the requirements of those Listings. ECF No. 12 at 16-17. Upon review, however, Plaintiff's claims are very general and do not specifically demonstrate that impairments meet those requirements. *Id.* For instance, Plaintiff claims the requirements of 2(b) of Listing 12.06 are met "by the fear of being around a lot of people and if someone upsets her." *Id.* Upon review, and based upon this briefing, the Court finds Plaintiff's argument is not sufficient to establish a basis for reversal. *See Vandenboom,* 421 F.3d at 749.

### C. Subjective Complaints

Plaintiff claims the ALJ erred in considering her subjective complaints. ECF No. 12 at 17-18. Plaintiff specifically argues that "[t]here are several documented instances of diagnosis and treatment for pain. This should be sufficient corroboration for the allegations of pain." *Id.* Again, however, Plaintiff does not provide any specific argument or evidence supporting her claims. Thus, the Court finds there is no basis for reversal on this issue. *See Vandenboom,* 421 F.3d at 749.

### D. Impairments in Combination

Plaintiff claims the ALJ erred in considering her impairments in combination. ECF No. 12 at 18. As Plaintiff argues, "[t]he pain combined with the depression and anxiety with panic attacks and mass on her ribs were all found to have more than a minimal effect on the claimant's ability to do basic work-related activities. The combination of all of them with the limitations caused by each and the medication required by each impairment should meet a listing impairment." *Id.*

Thus, upon review of this argument, Plaintiff is again claiming her impairments meet the requirements of one of the Listings. As recognized above, Plaintiff has not met her burden of demonstrating that they do. Thus, consistent with the findings outlined above, the Court again finds no basis for reversal on this issue.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of January 2019.**

                                           /s/ *Barry A. Bryant*
                                           HON. BARRY A. BRYANT
                                           UNITED STATES MAGISTRATE JUDGE